Rafael Tornes-Ortiz
#44128-080
P.O. Box 8500 ("Adx")
Florence, CO 81226

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAFAEL TORNES-ORTIZ, <br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent | Case No: CV-97-1618 (JP) <br> CR-88-253 (GG) |

PETITIONER'S MOTION FOR LEAVE TO FILE AMENDMENT/SUPPLEMENT TO ORIGINAL 28 U.S.C. SECTION 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO FED R CIV P 15(a) AND/OR 15(d)

NOW COMES the Petitioner and hereby moves this Honorable Court, pursuant to Fed R Civ P 15(a) and/or 15(d), for an order granting leave to amend and/or supplement petitioner's original 28 U.S.C Section 2255 Motion to Vacate, Set aside or Correct Sentence ("2255") which was filed approximately June 1997 with this Court. In support thereof, petitioner respectfully states as follows:

1.) Currently pending before this Court is petitioner's original 2255 motion which was filed approximately June 1997.

2.) On June 24, 2004, the U.S. Supreme Court handed down a decision in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004), holding the case required the Court to apply the rule of Apprendi v. New Jersey, 530 U.S. 466, 490, that "[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

3.) In the instant case, petitioner was sentenced to more years above and beyond the U.S. Sentencing Guideline Standard range based on "relevant conduct" or "victim related adjustments". The facts supporting the findings were neither admitted by petitioner nor found by a jury. That on it's face, clearly violates both Apprendi, 530 U.S. 466, 494 and Blakely, 124 S.Ct. 2531 (2004).

4.) Further, on January 12, 2005, the U.S. Supreme Court decided U.S.A. v. Booker, No. 04-104 and U.S.A. v. FanFan, No. 04-105, holding in part that the Sixth Amendment as construed in Blakely applies to the Federal Sentencing Guidelines, and therefore,

petitioner's sentence in the instant case, which was imposed under the Guidelines based on the sentencing judge's determination of facts that were not found by the jury nor admitted by petitioner, violated the Sixth Amendment.

5.) Petitioner now moves for leave to amend/supplement his original 2255 motion filed with this Court, pursuant to Fed. R. Civ. P. 15(a) and/or 15(d), to include a Blakely claim.

ARGUMENT

6.) A motion to amend the pleadings should be made as soon as the party realizes the amendment is necessary. See, Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th cir. 1996).

Fed. R. Civ. P 15(a) provides in relevant part:

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served..."

See, Nelson v. Adams U.S.A., Inc., 529 U.S. 460, 466, 120 S. Ct. 1579, 1584 (2000).

Further, on a party's motion, the Court may, after

reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transaction, occurrences, or events that have happened since the date of the original pleading. Fed. R. Civ. P. 15(d); Black v. Secretary of H&HS, 93 F.3d 781, 789 (Fed. Cir. 1996); Quaratino v. Tiffany + Co., 71 F.3d 58, 66 (2d Cir. 1995).

Fed. R. Civ. P. 15 embodies a strong policy in favor of liberal amendments to pleadings. See, Gamma-10 Plastics, Inc. v. America President Lines, Inc., 32 F.3d 1244-1256-1275 (8th Cir. 1994); See also, In re Prescott, 805 F.2d 719, 725 (7th Cir. 1986).

As a general rule a Court should permit a party to amend it's pleadings "if the underlying facts or circumstances relied upon by the [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

Wherefore, all premises considered, the petitioner prays that this Honorable Court grants him leave to file the accompanying amendment/supplement to his original 2255.

Respectfully submitted,

*Rafael Torres-Ortiz*
Rafael Torres-Ortiz

CERTIFICATE OF SERVICE

I hereby certify that a true correct copy of the foregoing was served via U.S. mail, postage fully paid, this ___ day of February, 2005, on:

U.S. Attorney's Office
Guillermo Gil-Bonar, A.U.S.A.
Federico Degetau Federal Bldg., Rm #452
#150 Carlos E. Chardon Ave.
San Juan, PR 00918

*Rafael Torres-Ortiz*
Rafael Torres-Ortiz