IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL TORMES-ORTIZ,

           Plaintiff

              v.                              CIVIL NO. 97-1618 (JP)

UNITED STATES OF AMERICA,

           Defendant

## OPINION AND ORDER

The Court has before it Petitioner Rafael Tormes-Ortiz's ("Petitioner" or "Tormes") petition for relief under 28 U.S.C. § 2255 (Nos. 1, 2) and motions for an evidentiary hearing (Nos. 60, **62**), and Respondent United States of America's opposition thereto (No. 21). In his petition, Tormes requests that the Court order an evidentiary hearing, vacate his convictions and order a new trial, or, in the alternative, order a re-sentencing. For the reasons set forth herein, Tormes' petition and motions for an evidentiary hearing are **DENIED.**

## I.    BACKGROUND

On September 29, 1989, Petitioner Tormes was convicted on multiple counts including conspiracy to distribute cocaine and marijuana, possession with intent to distribute cocaine, possession with intent to distribute marijuana, and using or carrying a firearm during a drug related trafficking offense. Petitioner appealed his

CIVIL NO. 97-1618 (JP)          -2-

conviction to the United States Court of Appeals for the First
Circuit which vacated a special parole term for his substantive drug
convictions, but otherwise affirmed Tormes' conviction and sentence.
United States v. Morris, 997 F.2d 677 (1st Cir. 1992), cert. denied,
507 U.S. 988 (1993).  Tormes is currently serving: (a) one life term
of imprisonment, (b) followed by two consecutive five year terms, (c)
followed by a forty-year term of imprisonment.  On October 22, 1996,
this Court denied Tormes' motion under 18 U.S.C. § 3582(c)(2) to
reduce his sentence based upon an amendment to the United States
Sentencing Guidelines.  United States v. Ortiz, 951 F. Supp. 305
(D.P.R. 1996).

    On April 24, 1997, Petitioner filed a petition with this Court
for relief under 28 U.S.C. § 2255 (No. 1).  Petitioner Tormes'
accompanying memorandum (No. 2) raises two legal issues.  First, he
contends that his counsel was ineffective for failing to (1) request
a special verdict form for the conspiracy count; (2) call Tormes as
a defense witness; (3) give advice on the government's proposed plea
bargain; and (4) argue that Tormes' prior felony convictions in
Puerto Rico could not be used to enhance his sentence because they
were not prosecuted by indictment.  Second, Tormes claims his
convictions for 18 U.S.C. § 924(c) should be reversed because the
Court gave a jury instruction inconsistent with the Supreme Court's
decision in Bailey v. United States, which required that the

CIVIL NO. 97-1618 (JP)          -3-

government present evidence of active employment of a firearm. 516 U.S. 137, 142-150 (1995).

This Court initially dismissed Tormes' motion as untimely, but later vacated that judgment based upon new information that the Clerk's Office for the United States District Court for the District of Puerto Rico received the motion before the filing deadline had expired (Nos. 3, 14). On July 14, 1998, this Court denied Tormes' motion for appointment of counsel, and denied Tormes' motion for reconsideration of that order (Nos. 20, 38), which prompted Tormes to seek an interlocutory appeal (No. 39). On February 8, 2001, the United States Court of Appeals for the First Circuit dismissed the appeal for lack of jurisdiction (No. 53). On December 16, 2005, and October 9, 2006, Petitioner filed motions requesting an evidentiary hearing to entertain his request for re-sentencing (Nos. 60, 62).

## II. **ANALYSIS**

Generally, a prisoner seeking relief under 28 U.S.C. § 2255 bears the burden of demonstrating entitlement to relief or to an evidentiary hearing by a preponderance of the evidence. Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992). Summary dismissal of a Section 2255 petition is appropriate when the petitioner's motion is either inadequate on its face, or, although facially adequate, is conclusively refuted factually by the record. Id. Rule 4(b) of the Rules Governing 28 U.S.C. § 2255 Proceedings in the United States District Courts provides that a hearing need not

CIVIL NO. 97-1618 (JP)          -4-

be held if, from the face of the motion, any annexed exhibits and the prior proceedings in the case, it plainly appears that the movant is not entitled to relief.  Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990).  A petition can be dismissed without a hearing if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.  Id. at 1225.

###        A.    INEFFECTIVE COUNSEL CLAIMS

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel.  U.S. Const. amend. XI.  To prevail on a claim of ineffective assistance of counsel, Tormes must satisfy the familiar two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984).  Strickland requires a petitioner to show that his counsel's performance fell below an objective standard of reasonableness; and that he was prejudiced by his counsel's errors. Id. at 687.  Tormes alleges ineffective assistance of counsel on many grounds, including failures (1) to request a special verdict form for the conspiracy count; (2) to call Tormes as a defense witness; (3) to give advice on the government's proposed plea bargain; and (4) to argue that Tormes' prior felony convictions in Puerto Rico could not be used to enhance his sentence because they were not prosecuted by indictment.

CIVIL NO. 97-1618 (JP)            -5-

### 1.    **Special Verdict Form Claim**

Petitioner's first claim is failure to request a special verdict form for the conspiracy count.  In this claim, Tormes argues that his indictment charges a dual theory for conspiracy to distribute marijuana and conspiracy to distribute cocaine, and the latter theory requires a significantly harsher sentence by statute than the former. Therefore, Tormes argues the government should have sought a special jury verdict indicating which object of the conspiracy the jury has found the defendant guilty of violating when the information sought is relevant to the sentence to be imposed.  Petitioner argues that, because there was not a special jury verdict indicating which object of the conspiracy the jury found Petitioner guilty of violating, the jury might have found that the object of the conspiracy was only to distribute marijuana, which imposes a lighter sentence.  Petitioner argues that, in light of the dual theory issue, the conspiracy count should either be dismissed or Petitioner should be re-sentenced on that count.

Special verdicts are not expressly authorized by the Federal Rules of Criminal Procedure, and they are generally disfavored. Heald v. Mullaney, 505 F.2d 1241 (1st Cir. 1974).  It has long been settled that "a general jury verdict is valid so long as it is legally supportable on one of the submitted grounds." Griffin v. United States, 502 U.S. 46, 49 (1991).  Tormes argues that a special verdict was necessary because all of his marijuana conduct was

CIVIL NO. 97-1618 (JP)          -6-

pre-guidelines, and a fifteen year statutory maximum applied.  The

Court holds otherwise.  "It is well established that the guidelines

apply to a defendant whose offense begins before the guidelines'

effective date and continues after the effective date."  United

States v. David, 940 F.2d 722, 739 (1st Cir. 1991).  Tormes was

convicted of being a member of a conspiracy he joined in

February 1986, and which continued past November 1987, the effective

date of the Sentencing Guidelines, and up to September 15, 1988, the

date of the indictment.  Therefore, the guidelines apply to Tormes'

case.

     Tormes also argues that on the possession counts, it is unclear

as to which substance, marijuana, cocaine or both, Petitioner

possessed because there was no special jury verdict.  Tormes was

convicted of two substantive drug offenses, counts 20 and 28, that

took place during the course of the conspiracy and were charged as

overt acts of the conspiracy. Adding the two counts together, Tormes

was responsible for 3,000 pounds (approximately 1,360 kilograms) of

marijuana.  Pursuant to 21 U.S.C. § 841(b)(1)(A)(vii), the statutory

range for § 841(b)(1) offense involving 1,000 or more kilograms of

marijuana is ten years to life imprisonment.  Moreover, since Tormes

has a prior drug felony conviction, the statutory range increased to

twenty years to life.  Therefore there is no statutory prohibition

to the life sentence Tormes received, and this sentence could have

been imposed only considering Tormes' marijuana possession/conspiracy

CIVIL NO. 97-1618 (JP)            -7-

to distribute charge.  Accordingly, the Court holds that Tormes'
counsel's performance did not fall below an objective standard of
reasonableness, or that Tormes was prejudiced by his counsel's
errors, as to his claim.

    2.  **Petitioner as Defense Witness Claim**

    In trial of all persons charged with the commission of offenses
against the United States, the person charged shall, at his own
request, be a competent witness.  18 U.S.C. § 3481.  Tormes alleges
that his attorney in the criminal trial, Robert L. Moore ("Moore"),
was ineffective when he failed to call Tormes as a defense witness.
Tormes alleges that he advised Moore that he wished to testify on his
own behalf.  Moore, however, rested the case without putting Tormes
on the stand.  Therefore, Tormes argues that his convictions should
be vacated and a new trial ordered.

    To these allegations, the Government presented an affidavit
from counselor Moore which indicates that Moore does not recall
Tormes ever expressing an interest in testifying at his trial.
Further, the First Circuit has held that, "[u]naccompanied by
coercion, legal advice concerning exercise of the right to testify
infringes no right, but simply discharges defense counsel's ethical
responsibility to the accused." Lema v. United States, 987 F.2d 48,
52-53 (1993).  Despite the fact that Moore recalls no indication from
Tormes that he wanted to testify, had Tormes expressed such an
interest, Moore admits that he would have recommended against it.

CIVIL NO. 97-1618 (JP)         -8-

In his deposition, Moore explained that in his judgment, for strategic reasons, Tormes would not have been an effective witness for the defense.  Tormes' Complaint, however, does not allege that Moore threatened him into silence, or otherwise coerced Tormes into refraining from testifying.  Considering that Tormes' allegations that he wanted to testify on his own behalf are refuted by Moore's affidavit, that Tormes failed to show any coercion on Moore's part regarding his testifying, and that Tormes has not shown how he was prejudiced by not testifying, the Court holds that Petitioner Tormes was not denied the legal representation required by the Constitution as to this claim.

### 3.    **Advice on the Plea Bargain Claim**

The Supreme Court of the United States has long recognized the importance of counsel during plea negotiations.  <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 667 (1978); <u>Brady v. United States</u>, 397 U.S. 742, 758 (1970).  Petitioner Tormes argues that his counsel was ineffective because Moore never provided him with any advice or suggestions as to how to deal with the offered plea bargain.  Tormes alleges that had he accepted the plea offer, he would have forgone the trial which subjected him to a mandatory life sentence.  In response to these allegations, the Government again points to Moore's affidavit in which Moore states that Tormes told him "he had no intention of agreeing to any plea bargain, insisted upon going to trial, steadfastly maintained that the witnesses against him were not

CIVIL NO. 97-1618 (JP)          -9-

telling the truth, and instructed [Moore] to form an aggressive defense on his behalf." Moore Aff. ¶ 3. Counsel's affidavit states that nonetheless, Moore encouraged Tormes to "at least listen to the prosecutor's offer." Id. Moreover, in an affidavit from the prosecutor in the case, Prosecutor Guillermo Gil, Gil distinctly recalls going to speak with Tormes and Moore while Tormes was in his cellblock, and that Gil told Tormes that he "could face a sentence of life imprisonment if he were convicted at trial." Gil Aff. ¶ 4. Despite this warning, Tormes immediately rejected the plea offer. Id.

In addition, Moore's affidavit maintains that he was not certain at the time of plea negotiations what Tormes' Sentencing Guidelines calculation would be and whether he would face a mandatory life sentence. Specifically, Moore was unaware that the Government would seek to enhance Tormes' sentence by introducing evidence of obstruction of justice.

Again, in light of the Government's evidence, the Court holds that Tormes has not met his burden under 28 U.S.C. § 2255 or Strickland to entitle him to relief as to this claim.

**4.   Sentence Enhancement Claim**

Petitioner Tormes alleges that he had ineffective assistance of counsel at the sentencing proceedings. He argues that a prior felony utilized to enhance Petitioner's sentence does not legally qualify as a predicate under 21 U.S.C. § 851. Under Section 851(a)(2), the

CIVIL NO. 97-1618 (JP)          -10-

Government may seek increased punishment based on prior felony drug convictions "unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed."  Tormes argues that his prior felony conviction was not prosecuted by indictment or waiver thereof, and therefore was not lawfully used by the Government to enhance his sentence in the present case.

Tormes is incorrect in his argument.  Section 851 provides that if the Government intends to rely on a prior conviction to enhance a defendant's sentence by more than three years, the defendant must either waive or have been afforded prosecution by the indictment "for the offense for which such increased punishment may be imposed." 21 U.S.C. § 851(a)(2).  The majority of Court of Appeals have held that the "offense" being referred to in Section 851 is the offense for which the defendant is being sentenced, not his or her prior felony.  United States v. Ortiz, 143 F.3d 728, 732 (2d Cir. 1998); United States v. Harden, 37 F.3d 565, 600-01 (11th Cir. 1994); United States v. Treviño-Rodríguez, 994 F.2d 533, 536 (8th Cir. 1993); United States v. Burrell, 963 F.2d 976, 992 (7th Cir. 1992); United States v. Adams, 914 F.2d 1404, 1406-07 (10th Cir. 1990); United States v. Espinosa, 827 F.2d 604, 616-17 (9th Cir. 1987).  In the case at issue here, Criminal Number 88-253, Tormes was prosecuted by indictment.  Thus, the requirements of Section 851 have been satisfied, and the Court holds that Tormes' counsel's performance did

CIVIL NO. 97-1618 (JP)              -11-

not fall below an objective standard of reasonableness, and that
Tormes was not prejudiced by his counsel's alleged errors.

    **B.    JURY INSTRUCTIONS AND *BAILEY V. UNITED STATES***

    Petitioner Tormes argues that his convictions for 18 U.S.C.
§ 924(c) should be reversed because the Court gave a jury instruction
inconsistent with the Supreme Court's decision in Bailey v. United
States, 516 U.S. 137 (1995).  In particular, Tormes argues that
counts 35 and 39 of the indictment charged Petitioner with using and
carrying a firearm during and in relation to a drug trafficking
offense in violation of Title 18 U.S.C. § 924(c).  At the time of
Tormes' trial, circuit courts did not require a jury instruction that
a weapon was actually used or brandished to secure a conviction under
Section 924(c).  At trial, the Court read the following instruction
about the Section 924(c) counts:

> Count 29 and 35 and 39 charge the use and carrying of a
> firearm during the commission of a drug trafficking crime.
> Title 18, United States Code, Section 924(c) cited in the
> Indictment reads in pertinent part as follows: 'Whoever
> during and in relation to any drug trafficking crime for
> which a defendant may be prosecuted in a court of the
> United States, uses or carries a firearm shall be guilty
> of an offense against the United States.  And in order to
> prove this offense, the government must prove beyond a
> reasonable doubt that defendant used or carried a firearm
> and that he did so during and in relation to a drug
> trafficking crime for which he may be prosecuted in a
> court of the United States.'  For the purposes of
> Section 924(c)(1) which I just read, the term drug
> trafficking crime means any felony violation of federal
> law involving the distribution, manufacture, or
> importation of any controlled substance.

CIVIL NO. 97-1618 (JP)          -12-

Tormes argues that <u>Bailey</u> now requires that, in order to be held liable for "use" of firearm, the Government must show active employment of firearm.  <u>Bailey</u>, 516 U.S. at 142-150.

The Court finds Petitioner Tormes' argument based on the definition of "use" as set forth in <u>Bailey</u> moot.  Congress amended the relevant portion of 18 U.S.C. § 924(c) in direct response to <u>Bailey</u> to include mere possession in furtherance of a drug trafficking crime.  18 U.S.C. § 924(c); <u>see</u> <u>United States of America v. Pagan-Ortega</u>, 372 F.3d 22, n.4 (1st Cir. 2004); <u>United States v. Grace</u>, 367 F.3d 29, 35 (1st Cir. 2004).  Tormes does not challenge his possession of a firearm, but only his actual use of a firearm. And in any event, the facts indicate that Tormes was in possession of a firearm.  Tormes' conviction on count 35 was based upon a shoot-out with police which occurred on May 9, 1988, and is part of the Court transcript.  Similarly, Tormes' conviction on count 39 was based on another shootout with police which occurred on June 23, 1988, and is part of the Court transcript.  The evidence related to both shoot-outs indicates that Tormes personally and actively employed firearms while shooting at the police.  Accordingly, the Court denies Tormes relief as to this claim.

## III.  <u>CONCLUSION</u>

For the reasons stated herein, the Court denies Tormes' petition for this Court to order an evidentiary hearing, to vacate his

CIVIL NO. 97-1618 (JP)              -13-

convictions  and  to  order  a  new  trial,  or,  alternatively,  a

re-sentencing (Nos. 1, 2, 60, 62).

       **IT IS SO ORDERED.**

       In San Juan, Puerto Rico, this 20th day of December, 2006.


                                        s/Jaime Pieras, Jr.
                                      JAIME PIERAS, JR.
                                  U.S. SENIOR DISTRICT JUDGE