UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

rj-088.appealability

| | |
|---|---|
| **RAFAEL TORMES-ORTIZ** **PETITIONER - APPELLANT** V. **UNITED STATES OF AMERICA** **RESPONDENT - APPELLEE** | **CIVIL NO: 97 - 1618 (JP)** |

**MOTION FOR CERTIFICATE OF APPEALABILITY**

**TO THE COURT:**

**COMES NOW** Petitioner **RAFAEL TORMES-ORTIZ** through the subscribing **ATTORNEY**, who very respectfully alleges and prays:

That Pursuant to Title 28 United States Code, Section 2253 (c)(2), this court issue a **Certificate of Appealability** to the United States Court of Appeals for the First Circuit, and in support thereof shows this Honorable Court the following:

**I. The Standards Applicable**

AEDPA authorizes a certificate of appealability " `if the applicant has made a substantial showing of the denial of a constitutional right.' " Id. (quoting 28 U.S.C. Section 2253(c)(2)). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." **Slack v. McDaniel**, 529 U.S. 473, 484 (2000). Thus, where, as here, "a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." **Slack**, 529 U.S. at 484.  The appearing petitioner submits that he satisfies the standard for issuance of a **Certificate of Appealability** as to the following claims:

> **THE FEDERAL SENTENCING GUIDELINES UNDER WHICH PETITIONER WAS SENTENCED, UNCONSTITUTIONALLY SUBJECTED PETITIONER TO INCREASED PUNISHMENT BASED ON FACTS NEITHER ADMITTED BY PETITIONER NOR FOUND BY A JURY BEYOND A REASONABLE DOUBT, WHICH GUIDELINES FALL SQUARELY WITHIN THE HOLDING OF BLAKELY V. WASHINGTON, 124, S. Ct. 2531 (2004), U.S.A. V. BOOKER**

On **June 24th, 2004**, the U.S. Supreme Court entered the opinion in **Blakely v. Washington**, 124, S. Ct. 2531 (2004), holding the **Blakely** case required the Court to apply the Court's previous ruling in **Aprendi v. New Jersey**, 530 U.S. 466, 490, that "[o]ther than the fact of the a prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt".  Id, at 63.  Further, in Booker, the U.S. Supreme Court held that the sixth amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines (USSG) based on the sentencing judge's determination of a fact [other that a prior conviction] that was not found by the jury or admitted by the defendant, id.

The federal sentencing guidelines under which the defendant was sentenced, fall squarely within the holding of Blakely that defendant cannot by subjected to increased punishment based on facts neither admitted by the defendant nor found by a jury beyond a

reasonable doubt.

In **Apprendi v. New Jersey**, 530 U.S. 466, 480 (2000), the court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt".

**Blakely**, supra, held that for purposes of Aprendi, supra, the statutory maximum, is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant".  Thus it follows that the statutory maximum for federal criminal offenses is defined by the FSGL for the purposes of **Blakely**, and under **Blakely**, the judicial enhancement applied to the appearing defendant during his sentencing, on April 17th, 1990, must fall, because the sixth amendment right to a jury trial, is "no mere procedural formality but a fundamental reservation of power in our Constitutional structure.  Just as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary, **Blakely**, at 2538 - 39.  Where such fundamental constitutional protections are at issue, form cannot be elevated over substance.

The touchstone of the Sixth Amendment analysis in **Blakely** is the preservation of the jury as the fact finder for all facts relevant to punishment, and any argument that may be made that the Federal Sentencing Guidelines are administratively promulgated is irrelevant. See **Booker**, 375 F. 3d at 511.

Further, in promulgating the guidelines the Sentencing Commission is exercising power delegated to it by Congress, and if a legislature cannot evade what the Supreme Court

3

deems plain, can a regulatory agency, **Booker**, at 551.  Whether a sentencing enhancement is based on statue or a binding rule delegated by a legislature is entirely irrelevant to the Sixth Amendment right at issue here.

Moreover, the Washington Sentencing scheme at issue in **Blakely** is constitutionally indistinguishable from the Federal Sentencing Guidelines.  At bottom, the schemes are substantially indistinguishable for purposes of constitutional analysis.  Both the Washington State and Federal Schemes require judges to impose higher sentences based on facts that were neither admitted by the defendant nor found by a jury beyond a reasonable doubt - the fundamental Sixth Amendment concern in **Blakely**.  From the perspective of the defendant whose rights are at stake it does not matter whether the source of a rule is a legislative or an administrative body exercising legislative authority, or e4ven whether the legislature has placed that administrative body formally in the judiciary branch.  What matters is whether the defendant will be able to make arguments for a particular sentenced based on a range of factors including the offense and characteristics of the offender or whether the Court will be bound to make a sentencing determination based on facts not found by the jury.

The Federal Sentencing Guidelines that were utilized to sentenced the appearing defendant required the sentencing Judge to sentence the defendant based on the **judicial findings of fact** by the preponderance of the evidence in violation of **Blakely**.  The Act required Federal Courts to impose (as was done in the instant case) a sentence in accordance with the sentencing guidelines unless the court finds that there exists an aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by

the sentencing commission in formulating the guidelines that should result in a sentence different from that described in 18 U.S.C. §3553(b)(1). The guidelines in question permit the sentencing Court to start within the facts admitted by the defendant or found by the jury in determining the base offense level for certain offenses. However, as was the case in the instant case the guidelines provide more than one possible base offense level and directs the sentencing judge to choose among them based on specific conduct found by the judge and by a preponderance of the evidence.

Thy judge must increase the offense level of certain crimes on the basis of "Specific Offense Characteristics". Sentencing Judges must also apply **cross references** that may drastically increase the base offense level for a crime on the basis of a judicially determined fact such as the existence of a specific motion. Further, as in the instant case, the guidelines require the judge to raise the base offense level on the basis of findings related to victim, role and obstruction of justice. All increases in sentence above the base offense level are made by the preponderance of the evidence.

It is clear that the **relevant conduct** provisions in the guidelines also violate **Blakely**'s holding that the Sixth Amendment protects defendants from having a Court usurp the Jury's role as a fact finder and ensures defendant's rights to a beyond reasonable doubt standard. The guidelines at issue here required defendant's sentence to be increased based on conduct the sentencing Court deemed criminal by preponderance of the evidence, even though it was not charged in the indictment, under §1B1.3(a) relevant conduct , USSG §1B1(a), id. Commentary background (conduct that is not formally or is not an element of the offense of

5

the conviction may enter into the determination of the applicable guidelines sentencing range). Thus, even where a jury has acquitted a defendant of a crime, a sentencing judge must impose a sentence as if the defendant was convicted of that crime if the court finds that conduct to be **relevant conduct**. **U.S. v. Watts**, 519 U.S. 148 (1997). Similarly, under §3C1.1, a court required to enhance a defendant's sentence where it finds by a preponderance of the evidence specific issues, USSG §3C1.1. Even though the predicate acts for the enhancements are themselves crimes, under the guidelines they need not be found by a jury beyond a reasonable doubt when considered in the context of the sentencing.

For the purposes of **Blakely**, the Federal Sentencing Guidelines at issue here and the Washington State Sentencing scheme are virtually identical and not distinct. Moreover, because the sentencing guidelines at issue here require more judicial fact finding that the state system at issue in **Blakely**. This makes the Federal Sentencing Guidelines also vulnerable to constitutional attack under **Blakely**. Finally and perhaps most importantly, the two sentencing schemes serve the same purpose in virtually the same manner and therefore are constitutionally indistinguishable.

Both the Washington sentencing scheme as issue in **Blakely** and the Federal Sentencing Guidelines at issue in the case at bar begin with a base level offense (the standard range in the state system) and then permit adjustments of departures based on judicial fact finding. Both systems calculate a binding sentencing range by reference o the defendant's criminal history and the offense of conviction.

Both systems permit the Judge to impose a sentence above the "standard range" based

6

upon certain judicial findings by a preponderance of the evidence. Under the Washington system, the Judge must add as many as five (5) years to the standard sentencing range if the defendant is convicted of a felony eligible for a firearm enhancement and the Judge finds that the defendant possessed a firearm during the commission of the felony. **Washington Rev. Code Ann.** §9.94A.533(3) (West 1981). Under the Sentencing Reform Act, a Judge may also add many years to a sentence if, but only if, the Court (and the Court alone) find the existence of an aggravating circumstances, 18 U.S.C. §3553(b).

Likewise, the **Federal Sentencing Guidelines** instance a Judge to increase the **offense level** if he or she finds certain **specific offense characteristics**, such as the fact that the defendant was as organizer, a leader or a manager of an organization, bodily injury, obstruction of justice or drug quantity.

In the case at bar, indeed, without the upward adjustments made to the petitioner's offense level, each **separate** offense for which petitioner was convicted by the jury, carried a maximum term of imprisonment that was less than life, and application of such adjustment, under the Guidelines conflicts with the **Apprendi v. New Jersey**, at 490, holding that "[o]ther than the fact of prior conviction, and fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond the reasonable doubt".

Thus, applying the decisions in Apprendi v. New Jersey, supra and **Blackely v. Washington**, supra, in the case at bar, petitioner's Sixth Amendment Right was violated by the imposition of an enhanced sentence under the USSG based on the sentencing Judge's

determination of the fact that was not found by jury of admitted by the petitioner.  The Sixth Amendment requires a jury, not a judge, to find facts relevant to sentencing.

The specific **adjustments** which increased petitioner's offense level and otherwise enhanced his sentence based on evidence of **serious bodily Injury** under §3A1.2(b) and drug quantity calculated under §2D.1.1(a)(3), and all the **adjustments** and **enhancements** made Counts 1, 11, 12, 20, 28, 35, 36, 38 and 39 of the indictment based on the sentencing Judge's determination of the facts that were not found by the jury or admitted by the appearing petitioner, all in violation of th **Sixth Amendment Right**.

In short, the Government unconstitutionally sought and obtained a sentence that could have only been imposed based on judicial fact finding that went beyond the facts found by the jury or admitted by the petitioner, which now warrants no less than the petitioner's sentence be vacated.

Therefore, the court plainly committed constitutional error in failing to grant petitioner's request to set aside the petitioner's sentence.

**WHEREFORE**, it is most respectfully requested that this Honorable Court take knowledge of the aforementioned.

**I HEREBY CERTIFY** that on this date I notified a true copy of the foregoing motion to **A.U.S.A. MARIA DOMINGUEZ - VICTORIANO**, via facsimile:  **787.766.6222**, Appellant Counsel **TERESA A. WALLBAUM**, via facsimile:  **202.514.6112** and **RAFAEL TORMES ORTIZ**, Reg. #44128-080, USP/Max, POB 8500, Florence, CO  81226-8500**.**

**RESPECTFULLY SUBMITTED.**

8

In San Juan, Puerto Rico, this 23rd of May of the year 2007.

                By: /s/ **PETER JOHN PORRATA**
                          **#128901**

Law Offices of
**PETER JOHN PORRATA**
Capital Center Building
South Tower/Suite 602
239 Arterial Hostos Avenue
San Juan, PR   00918-1476
**email@peterjohnporrata.com**
T:  787.763.6500/6512
F:  787.763.4566